# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| PENN SPECIALTY | ) | Case No. 01-2254 (    ) |
| CHEMICALS, INC., | ) | |
| | ) | |
| Debtor. | ) | |

### AFFIDAVIT OF MARK D. COLLINS IN SUPPORT OF APPLICATION OF THE DEBTOR AND DEBTOR IN POSSESSION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL TO THE DEBTOR

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | SS: |
| COUNTY OF NEW CASTLE | ) | |

MARK D. COLLINS, being first duly sworn to oath, deposes and says:

1. I am an attorney admitted to practice in the State of Delaware and before this Court, and am a director of the firm of Richards, Layton & Finger, P.A. ("RL&F"). RL&F is a Delaware law firm with its offices at One Rodney Square, Wilmington, Delaware.

2. Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), RL&F intends to apply for compensation for professional services rendered in connection with this chapter 11 case, plus reimbursement of actual, necessary expenses and other charges incurred by RL&F during this case. The principal professionals and paraprofessionals designated to represent the above captioned debtor and debtor in possession (the "Debtor") and their current standard hourly rates are as follows:

RLF1-2338392-2

|     |                    |                |
| --- | ------------------ | -------------- |
| (a) | Mark D. Collins    | $385 per hour  |
| (b) | Deborah E. Spivack | $275 per hour  |
| (c) | Rebecca L. Booth   | $150 per hour  |
| (d) | Ann Jerominski     | $115 per hour  |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals within RL&F may from time to time serve the Debtors in connection with the matters herein described.

3.  I submit this affidavit in support of the Debtor's application for an order approving the employment of RL&F as its co-counsel in the above-captioned case, in compliance with and to provide disclosure pursuant to sections 329 and 504 of the Bankruptcy Code, and Bankruptcy Rules 2014(a) and 2016(b). Unless otherwise stated in this affidavit, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon RL&F's completion of further analysis or as additional creditor information becomes available to it, a supplemental affidavit will be submitted to the Court.

4.  Commencing in June 2001, RL&F rendered legal services to the Debtor in connection with the preparation and commencement of this chapter 11 case.

5.  Neither I, RL&F, nor any director or associate of RL&F, insofar as I have been able to ascertain, has in the past represented the Debtor's creditors, equity security holders, or any other party in interest in this case, except as hereinafter set forth.

6.  In preparing this affidavit, we used a set of procedures established by RL&F to insure compliance with the requirements of the Bankruptcy Code and the Bankruptcy

Rules regarding retention of professionals by a debtor or official committee under the Bankruptcy Code.

7. In that connection, RL&F requested and obtained from Dechert a list of the names of entities who may be parties in interest in this chapter 11 case, including significant shareholders, the largest unsecured creditors, the directors and officers of the Debtor, and the various reorganization professionals engaged by the Debtor (the "Potential Parties in Interest").

8. RL&F maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of RL&F to make and maintain these records. The conflict check maintained by RL&F is designed to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has been engaged, (iii) the identity of related parties, (iv) the identity of adverse parties, and (v) the attorney in RL&F that is knowledgeable about the matter. It is the policy of RL&F that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties. Accordingly, the database is updated for every new matter undertaken by RL&F. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

9. RL&F has in the past represented, currently represents, and/or may in the future represent, in matters wholly unrelated to this case, certain Potential Parties in Interest (including, without limitation, those entities set forth on Exhibit "A" attached hereto who are current clients or are affiliates thereof, and those entities or affiliates thereof set forth on Exhibit

"B" attached hereto who have been represented by RL&F within the last five (5) years). I do not believe that any single matter is a major engagement that would involve either the billing of fees in excess of one half of one percent (.5%) of RL&F's annual fees billed, or that, in the aggregate for any affiliated group of entities, exceeds one percent (1%) of RL&F's annual fees billed. In any event, RL&F will not represent any of the foregoing claimants or any party in interest in any facet of the Debtor's case.

10. In addition to the Parties in Interest listed on Exhibits A and B, Julian H. Baumann, a director of RL&F, serves as the Secretary and as a member of the Board of Directors for five different affiliates of Berwind Financial, L.P., proposed investment bankers for the Debtor, collectively known as the Berwind Delaware Holding Companies. Moreover, Thomas P. Sweeney, a director of RL&F, serves as the President and as a member of the Board of Directors for the Berwind Delaware Holding Companies.

11. I do not believe that there is any connection or interest (as such terms are used in section 101(14)(E) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) of RL&F and (i) the United States Trustee or any person employed by the Office of the United States Trustee, or (ii) any counsel, accountants, financial consultants and investment bankers who represent or may represent claimants or other parties in interest in these cases other than as set forth herein. In addition, as part of its practice, RL&F appears in cases, proceedings, and transactions involving many different attorneys, co-counsel, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants and parties in interest in this case. RL&F has not and will not represent any such entities in relation to the Debtor and this

chapter 11 case nor have any relationship with any such entities that would be adverse to the Debtor or its estate in the matters upon which RL&F is to be employed.

12. RL&F received prepetition approximately $75,000 for prepetition and postpetition services and expenses related thereto that RL&F has provided and intends to provide to the Debtor prior to and after the Petition Date. Pursuant to its application, the Debtor proposes that the retainer monies paid to RL&F and not expended for prepetition services and disbursements be treated as a retainer paid in contemplation of services to be rendered by RL&F as bankruptcy co-counsel, and that those amounts be applied to services performed in connection with the Court's order authorizing the employment of RL&F.

13. The hourly rates set forth above are RL&F's standard hourly rates for work of this nature. These rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is RL&F's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, regular mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. RL&F will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to RL&F's other clients or as previously fixed by this Court. RL&F believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

14. Except as set forth herein, and based upon the information available to me, neither I, RL&F, nor any director or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate in the matters upon which RL&F is to be employed. Based upon the information available to me, I believe that RL&F is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

15. No promises have been received by RL&F, nor by any director or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and Orders of this Court. RL&F has no agreement with any other entity to share with such entity any compensation received by RL&F.

Dated: August 6, 2001
       Wilmington, Delaware

                                              Mark D. Collins (Atty. No. 2981)

SWORN TO AND SUBSCRIBED
before me this 6th day of August 2001.

_____
Notary Public
My Commission Expires: 6/30/02

My Commission Expires June 30, 2002

# Exhibit A

## POTENTIAL PARTIES IN INTEREST AND AFFILIATES THEREOF
## CURRENTLY REPRESENTED BY RICHARDS LAYTON

Equity Security Holders
Robert W. Quinn[1]

Significant Unsecured Creditors
Lyondell Chemical Corporation and certain affiliates thereof
PricewaterhouseCoopers and certain affiliates thereof
Certain affiliates of Du Pont Company
Certain affiliates of GE Capital Railcar Services

Debtor's Professionals
Certain affiliates of Berwind Financial, L.P.

Debtor's Secured Lenders
Bank of America National Trust & Savings Association and certain affiliates thereof
Certain affiliates of PNC Bank, N.A.
Fleet Capital Corporation and certain affiliates thereof

---

[1] RL&F is unable to determine whether the entity represented by RL&F is, in fact, the same entity that is an equity security holder of the Debtor. In any event, the matters with respect to which RL&F's represents this entity have no connection to the Debtor and do not present a conflict of interest with respect to this entity or the Debtor.

## Exhibit B

## POTENTIAL PARTIES IN INTEREST AND AFFILIATES THEREOF
## PREVIOUSLY REPRESENTED BY RICHARDS LAYTON
## WITHIN THE LAST FIVE YEARS

Significant Unsecured Creditors
SG Capital Partners, L.L.C. and certain affiliates thereof
Certain affiliates of General Chemical Corporation

Debtor's Secured Lenders
Certain affiliates of Bank of America Corporation
Certain affiliates of PNC Bank, NA
Gibralter Corporation