# **EXHIBIT A**

ORIGINAL

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: ) Chapter 11
)
PENN SPECIALTY CHEMICALS, INC., ) Case No.:01-2254 (___)
)
Debtor. )

ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE
BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT
AND RETENTION OF BERWIND FINANCIAL, L.P. AS
INVESTMENT BANKER FOR THE DEBTOR AND
DEBTOR-IN-POSSESSION

Upon the application (the "Application") of the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") for an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure authorizing the Debtor to employ and retain Berwind Financial, L.P. ("Berwind") as its bankruptcy investment banker, including the engagement agreement (the "Engagement Agreement"), attached thereto as Exhibit A, and upon the Affidavit of J. Scott Victor (the "Victor Affidavit"), in support thereof and attached thereto as Exhibit B, and the Court being satisfied based on the representations made in the Application and in the Victor Affidavit that Berwind represents no interest adverse to the Debtor's estate with respect to the matters upon which Berwind is to be engaged, that Berwind is a disinterested person as that term is defined under Section 101(14) of the Bankruptcy Code, and that Berwind's employment is necessary and is in the best interest of the Debtor's estate, and after due deliberation and sufficient cause therefor it is hereby:

ORDERED, ADJUDGED and DECREED that:

1) The Application is granted.

2336878.1.DOC

2) Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rules of Bankruptcy Procedure 2014 and 2016 the Debtor is authorized to employ and retain Berwind as its investment banker on the terms set forth in the Engagement Agreement, as modified by this Order.

3) Pursuant to the Engagement Agreement, Berwind is authorized to perform the postpetition services specifically set forth therein (collectively, the "Investment Banking Services") for the Debtor.

4) If the Debtor seeks to have Berwind perform any services other than the Investment Banking Services, the Debtor shall file a supplemental Application seeking authorization to retain Berwind to do so. Until such supplemental Application is filed and approved by the Court, Berwind shall not be authorized to provide such other services to the Debtor and shall not be compensated or indemnified for providing such other services.

5) The indemnification provisions of the Engagement Agreement are approved, subject to the following:

(a) subject to the provisions of subparagraph (d) infra, the Debtor is authorized to indemnify, and shall indemnify, Berwind, in accordance with the Engagement Agreement for any claims arising from, related to, or in connection with Berwind's prepetition performance of the services described in the Engagement Agreement;

(b) subject to the provisions of subparagraph (d) infra, the Debtor is authorized to indemnify, and shall indemnify Berwind, in accordance with the Engagement Agreement for any claim arising from, related to, or in connection with the Investment Banking Services, but not for any claim arising from, related to, or in connection with Berwind's

2336878-1

postpetition performance of any services other than the Investment Banking Services unless such other postpetition services and indemnification thereof are approved by the Court;

(c) notwithstanding any provisions of the Engagement Agreement to the contrary, the Debtor shall have no obligation to indemnify Berwind, or provide contribution or reimbursement to Berwind, for any claim or expense that is either (a) judicially determined (the determination having become final) to have arisen solely from Berwind's gross negligence or willful misconduct, or (b) settled prior to a judicial determination as to Berwind's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which Berwind should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order; and

(d) if, before the earlier of (i) the entry of an order confirming a plan under chapter 11 of the Bankruptcy Code (that Order having become a final order no longer subject to appeal), or (ii) the entry of an order closing this chapter 11 case, Berwind believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, Berwind must file an application therefor in this Court, and the Debtor may not pay any such amounts to Berwind before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Berwind for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtor's obligation to indemnify Berwind.

2336878-1

6) With respect to Berwind's pre-bankruptcy conduct and its provision of postpetition services, including the Investment Banking Services, Berwind hereby irrevocably and unconditionally submits to the exclusive jurisdiction of this Court over any suit, action or proceeding arising out of or relating to the Engagement Agreement or this Order, and over the approval of its requests for any fees and expenses (including any request for indemnification, contribution or reimbursement, accruing through confirmation of a plan of reorganization in this chapter 11 case or, in the event that no plan of reorganization is confirmed in this case, fees and expenses accruing prior to the last day of Berwind's employment pursuant to the Engagement Agreement as modified by this Order). This Court shall retain jurisdiction to construe and enforce the terms of the Application, the Engagement Agreement, and this Order.

7) Berwind shall file interim and final fee applications pursuant to the Bankruptcy Code, the Rules of Bankruptcy Procedure and applicable Orders of this Court, including, without limitation, the Administrative Order Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals (the "Administrative Order"), if and when entered, provided, however, that Berwind may submit such applications in a streamlined or summary format which shall set forth a description of the services rendered. Berwind shall file a fee application seeking approval of the Advisory Fee, if and when payable to Berwind. The Debtor is authorized to pay Berwind's monthly fees and to reimburse Berwind for its costs and expenses as provided in the Engagement Agreement, upon approval by the Court of interim and final applications pursuant to the Administrative Order, or otherwise. All fees and reimbursements paid or payable to Berwind, including but not limited to the Advisory Fee, in accordance with the

2336878-1

Engagement Agreement, the Motion and this Order are subject to this Court's approval, and all such fees shall be paid directly from the proceeds of any such transaction as defined in the Engagement Agreement prior to payment of any other claim or interest.

Dated: August 15, 2001
Wilmington, Delaware

_____
Judge